# Case No. 9,219.

## MARYLAND v. BALTIMORE & P. R. CO.

### [1 Hughes, 337.] [1]

### District Court, D. Maryland. April, 1877.

RAILROAD COMPANIES — NEGLIGENCE — DEATH OF EMPLOYE—MARYLAND STATUTE.

1. Responsibility of employer for injury to employé.

2. Construction of statute for wrongfully caused death.

By the statute of Maryland, similar to Lord Campbell's act, an action is given in the name of the state, for the use of the person entitled to damages, whenever death shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not occurred, have entitled the person injured to damages; such action to be for the benefit of the wife, husband, parent or child of the person whose death shall have been so caused.

The equitable plaintiff [Anna Murtaugh] brought this action for damages for the killing of her son, an unmarried man, twenty-one years of age, by a collision of an express train of defendant, on which deceased was fireman, with a construction train, caused by a switch being negligently left open at the junction of the main track with a siding on which the construction train was standing. The proof was that the express train was proceeding towards Washington, at its usual speed of thirty miles an hour, and the construction train which had been on the main track was moved off to and on the siding in order to allow the express to pass. By negligence of the hand in charge of the construction train, the switch, having been opened to allow it to pass on the siding, was not closed afterwards. That as the express train was approaching the siding, and nearing the

1 [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

Washington turnpike road, which the main track there crossed, the engineer saw the construction train on the siding, and at the moment of perceiving it his attention was necessarily directed to a wagon on the turnpike, which was approaching very near the track, and, as the train got close to the road, the top of this wagon hid from the view of the engineer the switch target until it was too late to stop, and the train ran in on the siding, crashing into the construction train, and, among other damage, killing plaintiff's son. That, but for this wagon, the engineer would have seen in time that the red side of the target was toward him, and could have stopped in time. That the place where the track crossed the turnpike was about seven miles from Baltimore. That the road was much travelled by market people, and that the engineers of trains approaching it were compelled to look out for vehicles. It was also proved that the deceased had materially contributed to the support of his mother.

It was contended for plaintiff that there was negligence on the part of the general management of the company in not providing proper precautions at the point of turnpike crossing, and at the station where the switch was, and that if these had been provided, the collision, though caused by the negligence of the hands of the construction train, would have been prevented. The defendant denied this, and also contended that if such negligence was proved, yet as the deceased had as fireman passed daily over the road, where this alleged lack of proper care in providing for safety by the general management existed, he must be taken to have known the risk and incurred it as part of his service, and that, as there was no proof he had complained of any such risk, no recovery could be had. All the cases on the subject were referred to by counsel, and defendant especially relied on Maryland decisions.

William F. Giles, Jr., and Archibald Stirling, Jr., for plaintiff.
Bernard Carter, for defendant.

GILES, District Judge, in instructing the jury, said he approved the decision in 20 Md. 220, but was not disposed fully to approve the subsequent decisions of that court to the extent to which they seemed to go on the point. That he was disposed to limit this to cases where the employé injured was managing machinery the defects of which he knew, or where the damage caused by negligence of the employer or his general agent was in some particular in reference to which the employé was chargeable with the duty of operating and reporting to the employer if any danger existed, but he would not carry the principle so far as to affect with such responsibility any employé injured by negligence of the general management of a railroad, in some matter under the scope of the general management, and which they alone controlled and determined.

On the point raised that, as the son of the plaintiff was over twenty-one, no recovery could be had, THE COURT decided that the true meaning of the statute was to give an action where an actual pecuniary damage had resulted by the death of the child, no matter what his age.

THE COURT then gave the following written instructions to the jury:

1st. If the jury shall find from the evidence in this case that, when Patrick Murtaugh was killed by the collision between a passenger train and a gravel train on defendant's road, he was a fireman in the employment of defendant, and that this collision was caused by the neglect of the conductor, engineer and flagman of the gravel train to close the switch, after they had backed said train on the siding to enable the passenger train to pass, then the plaintiff is not entitled to recover, against the defendant, for such injury, unless she should satisfy the jury that the defendant had not used ordinary and reasonable care in the selection of officers in charge of said train; and, as she has offered no evidence on this point, she cannot recover in this case unless she recover the second instruction of the court.

2nd. If the jury shall find from the evidence, that the siding on which the gravel train had backed is quite near the Washington turnpike road, that said road is much used by market-people with their wagons, and which is here crossed by defendant's road, and which requires the engineer of a passenger train, as he approaches the said turnpike, to give his attention to vehicles coming along the same, and that but for this necessity the engineer of the defendant's passenger train, going south, would have seen on this occasion the signal that the switch was open, and would have been able to slow his train in time to avoid the collision, then ordinary care and prudence required of defendant the appointment of a flagman, to be stationed at this junction of the two roads; and, if the jury shall find that defendant had no such officer, and that if there had been such an officer stationed at this point the collision would have been prevented, the defendant is liable in this action for such damages as she, the plaintiff, may prove she has sustained by the death of her said son.

3rd. If the jury shall find for the plaintiff, they shall give such sum as they shall find from all the evidence will be an adequate compensation for the loss of such pecuniary support as the jury shall find the plaintiff would have received from the deceased; and in making such estimate they shall consider the age of the plaintiff and the probable duration of her life.

Verdict for plaintiff for $2,500.